## LOREN N. BLANCHARD *vs.* JOHN B. FITZPATRICK.

Suffolk. November 11, 1887. — January 7, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Replevin — Sale — Case stated.*

In an action of replevin brought by A. against B., the facts agreed stated that A. let C. have the goods replevied at an agreed price, on credit, the length of which depended on the monthly sales of C., that is, on the first of each month, C. was to pay A. for all goods sold by C. during the preceding month, but was not to pay for any goods until sold; that no agreement was made for a return of the goods; and that, while the goods were in C.'s possession, they were attached by B., an officer, on a writ against C. *Held*, that the title to the goods passed to C. on their delivery to him; and that A. could not maintain the action.

REPLEVIN. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, in substance as follows:

Prior to November, 1884, Sumner Fickett was engaged in the retail grocery and provision business at Boston. Early in that month, he sold an undivided half of his stock in trade to Charles E. Harriman, and immediately formed a copartnership with said Harriman, under the firm name of Fickett and Harriman, for the purpose of carrying on the grocery and provision business previously conducted by himself. Fickett and Harriman entered upon the contemplated business, and continued it until December 8, 1885.

The defendant, who is a deputy of the sheriff of Suffolk, on December 8, 1885, attached the goods replevied, which then formed a part of the stock in trade of Fickett and Harriman, by virtue of a writ in favor of one Jacob Fullarton and against said Fickett and Harriman, issuing from the Municipal Court of the city of Boston, on said December 8. The defendant held the goods in question by virtue of said writ when replevied by the plaintiff.

The plaintiff, who is a wholesale dealer in pickles and grocers' sundries, let Fickett and Harriman have the goods in question at an agreed and fixed price, on a credit, the length of whose

term depended upon the monthly sales of Fickett and Harriman; that is, on the first day of each month said firm was to pay the plaintiff the agreed and fixed price for all the goods sold by the firm during the preceding month, but was not to be required to pay for any of said goods until sold by the firm. No agreement was made for a return of any of the goods.

If, upon these facts, the plaintiff was entitled to a judgment, damages were to be assessed in the sum of one cent; otherwise, judgment for a return of the goods to be entered, with nominal damages for the defendant.

*G. O. Burnham & S. D. Charles*, for the plaintiff.

*W. B. French*, for the defendant.

FIELD, J. It is sufficient to say that it does not appear by the agreed facts that the plaintiff at the time he sued out his writ was entitled to the immediate possession of the goods replevied. The agreed statement is not as full and clear as might be desired, but it does not appear that any condition was attached to the delivery of the goods by the plaintiff to Fickett and Harriman, and the reasonable construction of the agreed statement is, that the goods were sold to Fickett and Harriman on credit, and were to be paid for by them in monthly payments, at an agreed price, when they were sold by them. On this construction an absolute title to the goods passed to Fickett and Harriman when the goods were delivered to them.

*Judgment affirmed.*